**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Juan Carlos Guevara Contreras**, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**Aaron Corporation**, an Arizona corporation; **Los Arados LLC**, an Arizona limited liability company; **Ramir3z, LLC**, an Arizona limited liability company; and **Aaron Ramirez Coronado and Laura Armas**, a married couple,<br><br>Defendants. | No.<br><br>**COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. § 201, *ET SEQ.*** |

Plaintiff, Juan Carlos Guevara Contreras ("Plaintiff" or "Juan Carlos Guevara Contreras"), individually, and on behalf of all other individuals similarly situated, sues the Defendants, Aaron Corporation, Los Arados LLC, Ramir3z, LLC, and Aaron Ramirez Coronado and Laura Armas (collectively "Defendants" or "Filiberto's Mexican Food") and alleges as follows:

-1-

# PRELIMINARY STATEMENT

1. This is an action for unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., for Defendants' failure to pay Plaintiff all earned overtime wages.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3. Plaintiff brings this action on behalf of himself and all similarly-situated current and former employees of Defendants who were Hourly Employees[1] who did not receive an overtime premium for hours worked in excess of 40 in a given workweek.

4. Plaintiff, individually, and on behalf of all others similarly-situated, bring this action against Defendants for their unlawful failure to pay overtime properly in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

---

[1] For the purposes of this Complaint, "Hourly Employees" is exclusively a label used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of Plaintiff or the putative class, and has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

5. Plaintiff brings a collective action under the FLSA to recover the unpaid overtime owed to him individually and on behalf of all other similarly-situated employees, current and former, of Defendants. Members of the Collective Action are referred to as the "Collective Members."

6. The Collective Members are all current and former employees who worked for Defendants and earned an hourly wage at any time starting three years before this Complaint was filed, up to the present.

7. Plaintiff has given written consent to be a party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

8. Defendants own, operate, or otherwise manage a franchisee chain of "Filiberto's Mexican Food" restaurants with multiple locations in Arizona.

9. At all relevant times, Defendants have operated pursuant to a policy and practice of intentionally not compensating Plaintiff and similarly situated employees an overtime premium for time spent working in excess of 40 hours in a given workweek as required by the FLSA, and instead paying them for such time at their regular rate of pay in cash.

10. At all relevant times, pursuant to this practice, Defendants have willfully failed or refused to pay overtime to Plaintiff and similarly situated employees as required by the FLSA.

11. In willfully failing or refusing to pay overtime to Plaintiff and similarly situated employees as required by the FLSA, Defendants have violated the overtime wage provisions of 29 U.S.C. § 207.

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

14. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

15. At all material times, Defendant Aaron Corporation is a corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant Aaron Corporation does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

16. At all relevant times, Defendant Aaron Corporation owned and operated as a franchisee chain of "Filiberto's Mexican Food" restaurants with multiple locations in Arizona.

17. Under the FLSA, Defendant Aaron Corporation is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Aaron Corporation had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants. As a person who acted in the interest of Defendants in relation to Filiberto's Mexican Food's employees, Defendant Aaron Corporation is subject to liability under the FLSA.

18. At all material times, Defendant Los Arados LLC is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Los Arados LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

19. At all relevant times, Defendant Los Arados LLC owned and operated as a franchisee chain of "Filiberto's Mexican Food" restaurants with multiple locations in Arizona.

20. Under the FLSA, Defendant Los Arados LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Los Arados LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective

-5-

Members' employment with Defendants. As a person who acted in the interest of Defendants in relation to Filiberto's Mexican Food's employees, Defendant Los Arados LLC is subject to liability under the FLSA.

21. At all material times, Defendant Ramir3z, LLC is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Ramir3z, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

22. At all relevant times, Defendant Ramir3z, LLC owned and operated as a franchisee chain of "Filiberto's Mexican Food" restaurants with multiple locations in Arizona.

23. Under the FLSA, Defendant Ramir3z, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Ramir3z, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants. As a person who acted in the interest of Defendants in relation to Filiberto's Mexican Food's employees, Defendant Ramir3z, LLC is subject to liability under the FLSA.

24. Defendants Aaron Ramirez Colorado and Laura Armas are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.

Defendants Aaron Ramirez Colorado and Laura Armas are owners of Filiberto's Mexican Food and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

25. Under the FLSA, Defendants Aaron Ramirez Colorado and Laura Armas are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Aaron Ramirez Colorado and Laura Armas had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants. As persons who acted in the interest of Defendants in relation to Filiberto's Mexican Food's employees, Defendants Aaron Ramirez Colorado and Laura Armas are subject to individual liability under the FLSA.

26. As a company-wide strategic decision, Defendants incorporate each of their Filiberto's Mexican Food restaurant locations as separate legal entities that are all owned by Defendants Aaron Ramirez Colorado and Laura Armas.

27. On information and belief, Defendants' Filiberto's Mexican Food restaurants all share common human resources management.

28. On information and belief, Defendants' Filiberto's Mexican Food restaurants all share a common employee handbook and training materials.

29. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

30. At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a chain of restaurants in Arizona.

31. At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff and the Collective Members; and (2) Defendants were under common control. In any event, at all relevant times, all Defendants were joint employers of Plaintiff and the Collective Members under the FLSA.

32. Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the chain of bars and/or restaurants that comprise the business offerings of Filiberto's Mexican Food.

33. Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

34. Defendants, and each of them, are sued in both their individual and corporate capacities.

35. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

36. At all relevant times, Plaintiff and the Collective Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

37. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

38. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

39. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Collective Members' work and wages at all relevant times.

40. On information and belief, Plaintiff and the Collective Members, in their work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

41. On information and belief, Plaintiff and the Collective Members, in their work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

42. On information and belief, Plaintiff and the Collective Members, in their work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

43. On information and belief, Plaintiff and the Collective Members, in their work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

44. At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

45. At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were engaged in interstate commerce.

46. Plaintiff and the Collective Members, in their work for Defendants, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

47. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48. Defendants own and operate as "Filiberto's Mexican Food," an enterprise doing business in Maricopa County, Arizona.

49. Though separately incorporated, Defendants Aaron Corporation, Los Arados LLC, Ramir3z, LLC are each restaurants operating in Arizona under the name "Filiberto's Mexican Food."

50. On information and belief, Defendants operate three different Filiberto's Mexican Food restaurant locations, including:

    a. 2320 W. Camelback Rd., Phoenix, AZ 85015 (the "Camelback Location");

  b. 505 S. Beeline Hwy., Payson, AZ 85541 (the "Payson Location"); and

  c. 1650 AZ-260, Campe Verde, AZ 86322 (the "Camp Verde Location").

51. Plaintiff was hired by Defendants in approximately 2015.

52. Plaintiff did not apply or interview separately to work for any of the Filiberto's Mexican Food restaurant locations at which he worked. Instead, Defendants assigned Plaintiff to work for whichever location they determined, at their sole and exclusive direction.

53. Throughout his employment, Defendants shared Plaintiff as an employee between their restaurant locations.

54. At all relevant times, in his work for Defendants, Plaintiff worked as a cook for Defendants.

55. Defendants, in their sole discretion, paid Plaintiff $15 per hour, regardless of the number of hours he worked in a given workweek.

56. Defendants, in their sole discretion, paid Plaintiff $15 per hour, regardless of the number of hours he worked in a given workweek, and regardless of whether he worked in excess of 40 hours in a given workweek.

57. Plaintiff, in his work for Defendants, was generally scheduled to, and did, work approximately between 70 and 80 hours per week.

58. At all relevant times, Plaintiff worked for Defendants through approximately December 2022.

-11-

59. In his work for Defendants, Defendants paid Plaintiff exclusively in cash for all hours worked, except for his final three workweeks, in which Defendants compensated him by check.

60. Throughout his employment with Defendants, Plaintiff was paid on a weekly basis.

61. On information and belief, Defendants classified Plaintiff as W-2 employee.

62. Defendants did not pay Plaintiff an overtime premium of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a given workweek.

63. Instead, Defendants paid Plaintiff at his regular rate for all hours worked in excess of 40 hours in a given workweek.

64. Defendants coordinated this company-wide policy in a systematic attempt to avoid paying any overtime premium to Plaintiff.

65. As such, Defendants failed or refused to pay Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 per week.

66. At all relevant times, in his work for Defendants Plaintiff was a non-exempt employee.

67. Plaintiff typically worked approximately between 70 and 80 hours per week for Defendants.

68. Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate Plaintiff for his overtime hours.

69. Plaintiff routinely worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during his employment with Defendants.

70. Specifically, during his employment, Plaintiff routinely worked in excess of 70 hours per week and was not paid one-and-one-half times his regular rate of pay as required under the FLSA for hours worked over 40 in a workweek.

71. In a given workweek, and during each and every workweek, of Plaintiff's employment with Defendants, Plaintiff worked between approximately thirty (30) and forty (40) hours of overtime, and sometimes more, without being compensated at one-and-one-half times his regular rate of pay for such time worked.

72. Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

73. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff an overtime premium for time worked in excess of 40 hours in a given workweek would violate federal law, and Defendants were aware of the FLSA overtime requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

74. As a result of Defendants' failure to compensate Plaintiff any overtime wage whatsoever for the hours he worked in excess of 40 hours in a given workweek, Defendants violated 29 U.S.C. § 207(a).

75. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

76. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

77. Plaintiff is a covered employee within the meaning of the FLSA.

78. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

79. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

80. All actions and agreements by Defendants described herein were willful and intentional, and they were not the result of mistake or inadvertence.

81. Defendants were aware that the FLSA applies to their business at all relevant times and that, under the FLSA, they were required to pay overtime for time worked in excess of 40 hours in a given workweek to Plaintiff and Members of the putative Collective.

82. Employees working under conditions similar to those employed with Defendants have been determined to be owed unpaid overtime in other FLSA cases.

83. Despite this notice of their violations, and in an effort to enhance Defendants' profits, Defendants continued to not pay overtime for time Plaintiff and the Collective Members worked in excess of 40 hours in a given workweek.

-14-

84. In doing so, Defendants knowingly suffered or permitted Plaintiff and the Collective Members to work in excess of 40 hours during a workweek without paying them overtime compensation at a rate of one and one-half times their regular rate. Such conduct was intentional, unlawful, fraudulent, deceptive, unfair, and contrary to public policy.

### INJURY AND DAMAGE

85. Plaintiff and the Collective Members suffered harm, injury, and damages, including financial loss, as a result of Defendants' conduct complained of herein.

86. Plaintiff and the Collective Members were entitled to be paid the overtime premium they earned.

87. By withholding rightfully earned overtime from Plaintiff and the Collective Members, Defendants injured Plaintiff and the Collective Members and caused them financial loss, harm, injury, and damage.

### FLSA COLLECTIVE ACTION ALLEGATIONS

88. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89. Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

90. Plaintiff asserts those claims on behalf of himself, and on behalf of all similarly situated Hourly Employees of Defendants, who were not paid all overtime compensation required by the FLSA during the relevant time period as a result of Defendants' compensation policies and practices.

91. At all relevant times, in their work for Defendants, the Collective Members worked as a Hourly Employees for Defendants.

92. Defendants, in their sole discretion, paid the Collective Members a set hourly rate, regardless of the number of hours they worked in a given workweek.

93. The Collective Members, in their work for Defendants, were generally scheduled to, and did, work in excess of 40 hours per week.

94. Defendants did not compensate the Collective Members one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

95. Rather than compensate the Collective Members at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants such paid overtime hours at Plaintiff's and the Collective Members' regular rates of pay.

96. The Collective Members did not apply or interview separately to work for any of the Filiberto's Mexican Food locations at which they worked. Instead, Defendants assigned the Collective Members to work for whichever location they determined, at their sole and exclusive direction.

97. Throughout their employment, Defendants shared the Collective Members between their restaurant locations.

98. The Collective Members typically worked well in excess of 40 hours per week for Defendants between all locations.

99. Throughout their employment with Defendants, the Collective Members were generally paid on a weekly basis.

100. Plaintiff seeks to notify the following individuals of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All current or former hourly workers, team members, crew members (or individuals with other similar job duties or titles), who work(ed) for any of the Defendants' Filiberto's Mexican Food restaurant locations and earned an hourly rate of pay at any time during the past three years before the filing of the Complaint up to the present.**

101. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiff and similarly situated Hourly Workers' claims arise out of Defendants' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all individuals employed by Defendants within three years from the filing of this Complaint.

102. Upon information and belief, Defendants have employed more than one hundred (100) Hourly Workers during the period relevant to this action.

103. The identities of these individuals, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

104. Because these similarly situated employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

105. Collective adjudication is appropriate in this case because the individuals whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff; have performed work similar to Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff has been subjected, including unlawful failure to pay the applicable overtime as required by the FLSA.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME**

106. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

107. Plaintiff and the Collective Members were non-exempt employees entitled to be paid overtime wages for all time worked in excess of 40 hours in a given workweek.

108. Defendants willfully failed or refused to pay Plaintiff and the Collective Members the applicable overtime wage for all hours worked in excess of 40 in a given workweek throughout the duration of their employment.

109. As a result, Defendants failed to compensate Plaintiff and the Collective Members at least the applicable overtime wage rate for all hours worked in excess of 40 in a given workweek.

110. Defendants' practice of willfully failing or refusing to pay Plaintiff and the Collective Members at the required overtime wage rate violates the FLSA, 29 U.S.C. § 207(a).

111. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the proper overtime rate would

violate federal law, and Defendants were aware of the FLSA overtime requirements during Plaintiff and the Collective Members employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

112. Plaintiff and the Collective Members are therefore entitled to compensation for the unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Juan Carlos Guevara Contreras, individually, and on behalf of all other similarly situated persons, request that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages;

ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

B. For the Court to award damages in the amounts of all unpaid overtime compensation due and owing to Plaintiff and the Collective Members for time they spent working in excess of 40 hours per given workweek;

C. For the Court to award compensatory damages to Plaintiff and the Collective Members, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E. For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

F. For the Court to provide reasonable incentive awards to Plaintiff to compensate him for the time spent attempting to recover wages for the Collective Members and for the risks taken in doing so; and

G. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 30th day of November, 2023.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*